**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RENEE D.,

                          Plaintiff,

            v.                                     5:17-CV-667 (DJS)

ANDREW M. SAUL, *Comm'r of Soc. Sec.*,[1]

                          Defendant.

**APPEARANCES:**                             **OF COUNSEL:**

LAW OFFICES OF STEVEN R. DOLSON     STEVEN R. DOLSON, ESQ.
Attorneys for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION     LAUREN E. MYERS, ESQ.
OFFICE OF REGIONAL GENERAL COUNSEL
REGION II
26 Federal Plaza – Room 3904
New York, NY 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

### I. INTRODUCTION

On August 7, 2019, Steven R. Dolson, counsel to Plaintiff in this action, submitted a Motion for Attorneys' Fees. Dkt. No. 18. Defendant submitted a Response to the

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. The Clerk of Court is respectfully directed to amend the caption.

Motion, explaining that the attorneys' fees requested may be considered a windfall. Dkt. No. 23. Upon review of the matter, the Court grants Plaintiff's Motion.

## II. BACKGROUND

Plaintiff filed a Complaint in this matter on June 20, 2017, seeking review of the Commissioner's determination denying Plaintiff's application for disability benefits. Dkt. No. 1. The parties filed Motions for Judgment on the Pleadings, and on September 6, 2018, this Court granted Plaintiff's Motion, remanded the matter for further administrative proceedings, and entered judgment in favor of Plaintiff. Dkt. Nos. 12 & 13. The parties stipulated as to Plaintiff's first Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), filed in November of 2018, and the Court ordered such attorneys' fees awarded. *See* Dkt. Nos. 16 & 17. At that time, $3,000 was awarded and received by counsel. *See id.*; Dkt. No. 18-2 at p. 2. Upon review of the matter on remand, the Administrative Law Judge issued a favorable decision awarding Plaintiff benefits. Dkt. No. 18-2 at p. 1. On July 24, 2019, the Social Security Administration issued a Notice of Benefits Award indicating that Plaintiff was entitled to $124,253.52 in past-due benefits for her claim. *Id.* On August 7, 2019, Plaintiff's counsel filed a Motion for Attorneys' Fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 18.

Plaintiff's counsel seeks attorneys' fees in the amount of $24,450, of which he would remit to Plaintiff the sum of $3,000 previously awarded from the EAJA fees. Defendant's Response to the Motion notes that Plaintiff's counsel expended 16.3 hours on this matter, resulting in a *de facto* hourly rate of $1,500 and asserts that this may be considered a windfall, citing other cases where similar fees have been reduced. Dkt. No.

23. Defendant states that the Commissioner saw no evidence of fraud or overreaching in this case. *Id.*

### III. DISCUSSION

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). This Section "calls for court review of such arrangements as an independent check to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court "must give due deference to the intent of the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

"[A] requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." *Id.* at 370. In determining whether a fee is reasonable, a court should consider whether the attorney is responsible for a delay in the proceedings, as well as "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372; *Gisbrecht v. Barnhart*, 535 U.S. at 808. In determining whether an award would constitute a windfall,

> courts in this circuit have identified several relevant considerations, which include: (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and

required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (quoting *Rowell v. Astrue*, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)). If the court finds the fee is unreasonable, the court "may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.*

Here, the contingency fee agreement provides in pertinent part that "[i]f I do receive Social Security benefits, the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from my claim." Dkt. No. 18-3 at p. 9. The amount requested does not exceed the 25% cap, and there is no evidence of fraud or overreaching.

Counsel seeks $24,450, and he expended 16.3 hours of work on this matter, resulting in a *de facto* hourly rate of $1,500.[2] Dkt. No. 18-1 at pp. 2-3. This is high, although not unheard of in this type of case. *See Eric K. v. Berryhill*, 2019 WL 1025791, at *2 (N.D.N.Y. Mar. 4, 2019) (awarding attorneys' fees at a *de facto* hourly rate of $1,500). In any event, "the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d at 371. As for the effort expended by the attorney, this is not a case in which the matter was simply remanded upon stipulation of the parties; counsel prepared a Motion for Judgment on the Pleadings which was compelling enough that the Court

---

[2] "Although the Court cannot rely on the lodestar method to determine whether the fees sought are reasonable, Plaintiff's counsel's record of the time he expended in federal court and the tasks that he performed related to the federal court litigation is one factor that the Court may consider in determining reasonableness." *Whittico v. Colvin*, 2014 WL 1608671, at *5 (N.D.N.Y. Apr. 22, 2014).

remanded the matter for further consideration. Counsel's Motion for Judgment on the Pleadings discussed the material facts and applicable law. The relatively little amount of time counsel spent on the matter, and the brief's focus on one significant issue, indicates that the matter was handled efficiently. *Eric K. v. Berryhill*, 2019 WL 1025791, at *2 ("[Counsel's] experience representing Social Security claimants likely contributed to the efficiency with which he handled this case and that it would have required more time from an inexperienced attorney."); *Maier v. Apfel*, 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998) ("plaintiff's counsel should not be penalized for working efficiently on the case"). In addition, Plaintiff has been awarded significant benefits as a result of the litigation. Finally, in reviewing counsel's time log, it generally appears to reflect appropriate attorney work properly recorded. The Court therefore finds that the amount requested would not constitute a windfall, and will not deny the Motion on that basis.

Finally, the Motion was submitted timely. "Unless a statute or a court order provides otherwise, the motion [for attorneys' fees] must: (i) be filed no later than 14 days after the entry of judgment[.]" FED. R. CIV. P. 54(d)(2)(B). This rule applies to Section 406(b) attorneys' fee applications following a district court remand of an agency denial of benefits. *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. Aug. 2, 2019). Because the Commissioner typically calculates benefits "months after the district court remands," however, the timeframe may be tolled pending the Commissioner's calculation of benefits following remand, and then would begin to run upon the claimant receiving notice of the benefits calculation. *Id.* at 86-91. In this case, the Notice of Award is dated July 24,

2019. Dkt. No. 18-3 at p. 2.  Plaintiff filed the present Motion on August 7, 2019.  Dkt. No. 18.  The Motion is therefore timely.  The Court will grant Plaintiff's Motion.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Attorneys' Fees is **GRANTED**; and it is further

**ORDERED**, that Attorney Dolson is awarded the sum of $24,450 as fees pursuant to 42 U.S.C. § 406(b), to be paid from the amount withheld by the Commissioner of Social Security from the past due benefits awarded to Plaintiff; and it is further

**ORDERED**, that Attorney Dolson is directed to remit to Plaintiff the sum of $3,000 that was previously awarded (and received) as attorneys' fees pursuant to the EAJA; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the Local Rules.

Dated:   November 19, 2019
        Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge